**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen
One Gateway Center, Suite 2600
Newark, New Jersey 07102
Telephone: (973) 313-1887
Facsimile: (973) 833-0399
Email: lrosen@rosenlegal.com

*Counsel for Movant Taishin Bank and Proposed Co-Lead Counsel for the Class*

[Additional Counsel on Signature Page]

[C.A. No. 19-5296 (RMB/JS) - Doc. Nos. 14, 15, 16]

[C.A. No. 19-8105 (RMB/JS) - Doc. No. 4]

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL WIGGLESWORTH, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>MAIDEN HOLDINGS, LTD., ARTURO M. RASCHBAUM, KAREN L. SCHMITT AND JOHN M. MARSHALECK,<br><br>Defendants. | No.: 1:19-cv-05296-RMB-JS<br><br>**STIPULATION AND ORDER CONSOLIDATING RELATED ACTIONS, APPOINTING CO-LEAD PLAINTIFFS, AND APPROVING CO-LEAD COUNSEL**<br><br><u>CLASS ACTION</u> |
| JOHN DOUGAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br>MAIDEN HOLDINGS, LTD., ARTURO M. RASCHBAUM, KAREN L. SCHMITT AND JOHN M. MARSHALECK,<br><br>Defendants. | No.: 1:19-cv-08105-RMB-JS<br><br><u>CLASS ACTION</u> |

WHEREAS, on February 11, 2019, plaintiff Michael Wigglesworth commenced the first action, *Wigglesworth v. Maiden Holdings, Ltd., et al.*, Case No. 1:19-cv-05296-RMB-JS (the "*Wigglesworth* Action"), with the filing a complaint against the above-captioned Defendants, alleging violations of the federal securities laws;

WHEREAS, on March 7, 2019, plaintiff John Dougan filed a complaint styled as *Dougan v. Maiden Holdings, Ltd., et al.*, Case No. 1:19-cv-08105-RMB-JS (the "*Dougan*" Action") against the same Defendants and alleging the same violations of the federal securities laws;

WHEREAS, Rule 42(a) of the Federal Rules of Civil Procedure provides that a court may order all actions consolidated if they involve "common issues of law or fact." Fed. R. Civ. P. 42(a). The *Wigglesworth* Action and the *Dougan* Action involve common legal and factual issues; thus, efficiency and consistency will result from their consolidation. *See* Fed. R. Civ. P. 42(a);

WHEREAS, on April 12, 2019, four motions seeking consolidation, appointment as Lead Plaintiff, and approval of Lead Counsel were filed by: (1) John W. Kelly (Dkt. No. 13); (2) Taishin Bank (Dkt. No. 14); (3) Boilermaker-Blacksmith National Pension Trust ("Pension Trust") (Dkt. No. 15); and (4) The Maiden Investor Group (Dkt. No. 16);

1

WHEREAS, on May 2, 2019, the Maiden Investor Group filed a notice of non-opposition to the competing lead plaintiff motions (Dkt. No. 18);

WHEREAS, on May 6, 2019, only Taishin Bank and the Pension Trust filed oppositions to the competing motions (Dkt. Nos. 24, 25);

WHEREAS, on May 13, 2019, the Pension Trust and Taishin Bank filed replies in further support of their motions (Dkt. Nos. 26, 27);

WHEREAS, on February 14, 2020, John W. Kelly filed a letter with the Court stating that he did not oppose the competing lead plaintiff motions of movants with larger losses than Mr. Kelly's losses (Dkt. No. 32);

WHEREAS, no other movants oppose the motions filed by Taishin Bank and the Pension Trust;

WHEREAS, the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B)(iii), provides, *inter alia*, that the most adequate plaintiff to serve as lead plaintiff is, in the determination of the Court, the "person or group of persons" that has the largest financial interest in the relief sought by the class and otherwise satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure;

WHEREAS, 15 U.S.C. § 78u-4(a)(3)(B)(iv) provides that, subject to the approval of the Court, the most adequate plaintiff will select and retain counsel to represent the class;

WHEREAS, Taishin Bank has selected and retained The Rosen Law Firm P.A. ("Rosen Law") and the Pension Trust has retained Robbins Geller Rudman & Dowd LLP ("Robbins Geller") to pursue this litigation on their respective behalves if they are appointed as Lead Plaintiff;

WHEREAS, Taishin Bank – with the largest claimed financial interest of purchasers of Maiden Holdings Ltd. ("Maiden") preferred stock – and the Pension Trust – with the largest claimed financial interest of purchasers of Maiden common stock – have alleged the largest financial interests in this litigation within the meaning of the PSLRA, satisfy the relevant requirements of adequacy and typicality under Fed. R. Civ. P. 23, and agree that the interests of the putative class will be best served by a combined group, utilizing the resources of both movants and their respective selections of counsel, thereby ensuring that the putative Class's leadership includes two motivated investors;

WHEREAS, Taishin Bank and the Pension Trust have agreed to serve as Co-Lead Plaintiffs (together, "Proposed Co-Lead Plaintiffs") and their respective law firms, Rosen Law and Robbins Geller (together, "Proposed Co-Lead Counsel"), to serve as Co-Lead Counsel;

WHEREAS, Taishin Bank and the Pension Trust have provided signed, sworn Certifications in support of their respective motions setting forth, *inter alia*, their transactions in Maiden securities;

3

WHEREAS, Taishin Bank and the Pension Trust are committed to supervising the conduct of this litigation by their counsel and to ensuring that counsel coordinate appropriately and avoid any duplication of effort in the conduct of the litigation; and

WHEREAS, Rosen Law and Robbins Geller have experience previously serving together as lead counsel in securities class actions and understand the importance of not performing duplicative work and undertake to use their best efforts to not do so here.

IT IS HEREBY STIPULATED AND AGREED, subject to the Court's approval, as follows:

## CONSOLIDATION

1. The *Wigglesworth* Action and the *Dougan* Action (hereinafter, the "Actions") are consolidated for all purposes including, but not limited to, discovery, pretrial proceedings and trial proceedings pursuant to Fed. R. Civ. P. 42(a). The Clerk of the Court shall close the Dougan action.

[handwritten initials in margin]

### Master Docket and Caption

2. The docket in Case No. 1:19-cv-05296-RMB-JS shall constitute the Master Docket for this action.

3. Every pleading filed in the consolidated action shall bear the following caption:

4

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------X
In re Maiden Holdings, Ltd. Securities Litigation,

Master File No. 1:19-cv-05296-RMB-JS

CLASS ACTION
-------------------------------------------------X
This Document Relates To:

4. The file in civil action no. 1:19-cv-05296-RMB-JS shall constitute a master file for every action in the consolidated action. When the document being filed pertains to all actions, the phrase "All Actions" shall appear immediately after the phrase "This Document Relates To:". When a pleading applies to some, but not all, of the actions, the document shall list, immediately after the phrase "This Document Relates To:", the docket number for each individual action to which the document applies, along with the last name of the first-listed plaintiff in said action.

5. All securities class actions arising out of the subject matter of these actions subsequently filed in, or transferred to, this District shall be consolidated into this action. This Order shall apply to every such action, absent an order of the Court. A party objecting to such consolidation, or to any other provisions of this Order, must file an application for relief from this Order within ten days after the date on which a copy of this Order is mailed to the party's counsel.

6. This Order is entered without prejudice to the rights of any party to apply for severance of any claim or action, with good cause shown.

## APPOINTMENT OF CO-LEAD PLAINTIFFS AND CO-LEAD COUNSEL

7. Pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(3)(B), Taishin Bank and the Pension Trust are appointed as Co-Lead Plaintiffs of the class, as Taishin Bank and the Pension Trust have the largest financial interest in this litigation and otherwise satisfy the requirements of Fed. R. Civ. P. 23.

8. Taishin Bank's and the Pension Trust's choice of counsel is approved, and accordingly, Rosen Law and Robbins Geller are appointed as Co-Lead Counsel.

9. Co-Lead Counsel shall have the following responsibilities and duties:

   a. to coordinate the briefing and argument of any and all motions;

   b. to coordinate the conduct of any and all discovery proceedings;

   c. to coordinate the examination of any and all witnesses in depositions;

   d. to coordinate the selection of counsel to act as spokesperson at all pretrial conferences;

   e. to call meetings of the plaintiffs' counsel as deemed necessary and appropriate from time to time;

   f. to coordinate all settlement negotiations with counsel for defendants;

6

      g. to coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter, and to delegate work responsibilities to selected counsel as may be required;

      h. to coordinate the preparation and filings of all pleadings; and

      i. to supervise all other matters concerning the prosecution or resolution of the claims asserted in the Action.

10. No motion, discovery request, or other pretrial proceedings shall be initiated or filed by any plaintiffs without the approval of Co-Lead Counsel, so as to prevent duplicative pleadings or discovery by plaintiffs. No settlement negotiations shall be conducted without the approval of Co-Lead Counsel.

11. Service upon any plaintiff of all pleadings, motions, or other papers in the Action, except those specifically addressed to a plaintiff other than the Co-Lead Plaintiffs, shall be completed upon service of Co-Lead Counsel.

12. Co-Lead Counsel shall be the contact between plaintiffs' counsel and defendants' counsel, as well as the spokespersons for all plaintiffs' counsel, and shall direct and coordinate the activities of plaintiffs' counsel. Co-Lead Counsel shall be the contact between the Court and plaintiffs and their counsel.

13. Accordingly, the oral argument scheduled for February 21, 2020 at 2:00 p.m. on the pending motions is moot and therefore vacated.

p. 14. The parties shall meet and confer and timely submit the proposed schedule referred to in paragraph 3 of the March 29, 2019 Order [Doc. No. 10].

Dated: February 14, 2020

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

By: /s/Laurence M. Rosen
Laurence M. Rosen
One Gateway Center, Suite 2600
Newark, New Jersey 07102
Telephone: (973) 313-1887
Facsimile: (973) 833-0399
Email: lrosen@rosenlegal.com

*Counsel for Movant Taishin Bank and Proposed Co-Lead Counsel for the Class*

**CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.**

By: /s/Donald A. Ecklund
James E. Cecchi
Donald A. Ecklund
5 Becker Farm Road
Roseland, NJ 07068
Telephone: 973/999-1700
Fax: 973/994-1744

*Liaison Counsel for Movant Boilermaker-Blacksmith National Pension Trust*

**ROBBINS GELLER RUDMAN & DOWD LLP**
Tor Gronborg
Danielle S. Myers
Juan Carlos Sanchez
655 West Broadway, Suite 1900
San Diego, CA 92101

8

Telephone: 619/231-1058
Fax: 619/231-7423

*Counsel for Movant Boilermaker-Blacksmith National Pension Trust and Proposed Co-Lead Counsel for the Class*

IT IS SO ORDERED.

DATED: February 19, 2020

_____
Joel Schneider, U.S.M.J.
THE HONORABLE JOEL SCHNEIDER
UNITED STATES MAGISTRATE JUDGE

9